Mrs. Lillian Lorene BOYD, Plaintiff-Appellant,

v.

Olen E. CARROLL et al., Defendants-Appellees.

No. 79–2242.

United States Court of Appeals, Fifth Circuit.

Aug. 22, 1980.

Rehearing Denied Oct. 23, 1980.

---

Noel R. Cain, Cox, Kreimeyer & Cain, Belton, Tex., for plaintiff-appellant.

W. C. Haley, Waco, Tex., for defendants-appellees.

Before CHARLES CLARK, TJOFLAT and GARZA, Circuit Judges.

CHARLES CLARK, Circuit Judge:

This appeal might have presented a novel twist on the familiar problems of judicial immunity. We might have been required to determine whether a private citizen had attained the status of judge, if the pleadings of the plaintiff had challenged the judicial status of the defendant who presided at her trial, or if the "judge" defendant had pled judicial immunity as an affirmative defense. As it was, the case was tried to verdicts against all defendants without focusing on whether the "judge" defendant was in law or in fact a judge entitled to immunity for his "judicial" acts. The district court erred in entering a judgment notwithstanding the verdict against this latter defendant. We reverse.

Lillian Lorene Boyd sought compensatory and punitive damages for violation of her civil rights under 42 U.S.C. §§ 1983 and 1985. The case was tried to a jury, which rendered verdicts in favor of appellant and against various defendants as follows:

| Defendant | Actual Damages | Punitive Damages |
|---|---|---|
| Olen E. Carroll | $500.00 | $ 750.00 |
| Williard Allen | $100.00 | $ –0– |
| Lloyd Cooper | $250.00 | $ 750.00 |
| Ted O'Neil | $250.00 | $ 750.00 |
| R. T. Swilling | $250.00 | $ 750.00 |
| A. V. Taylor | $250.00 | $ 750.00 |
| Atrelle Connally | $ 1.00 | $ 1.00 |
| Ross Carlton | $500.00 | $3,000.00 |
| Ted Beaty | $ –0– | $2,000.00 |

The district court entered judgment on the verdicts against the first seven named defendants, and entered judgment notwithstanding the verdict in favor of Ted Beaty and the "judge" defendant, Ross Carlton, who is the only appellant here.[1] After the entry of judgment, notice of the present appeal was filed limited to the portion of the judgment in favor of Carlton. Subsequently, Boyd drew down from the registry of the district court the amount of all verdicts in her favor.

Plaintiff Boyd, a long-time resident of Whitney, Texas, was active in politics and an outspoken critic of the local administration. She was a 67-year-old widow and a businesswoman engaged in the business of selling cedar posts and moving houses.

---

1. The court granted judgment notwithstanding the verdict in favor of the defendant Ted Beaty, because the jury assessed no actual damages against him. Boyd does not appeal from Beaty's judgment.

The trouble that gave rise to this action centered upon whether Boyd had a valid permit from the city to move a structure onto some property in Whitney. First, the city council attempted to levy a fine against her for violation of the city ordinance requiring such a permit. Then, when Boyd apparently ignored the council's demands for payment of the fine, the Mayor, Olen Carroll, filed a Municipal Court complaint against her. The Mayor ordinarily serves as the judge in this court. He determined that it would not be appropriate if he acted as judge in a case in which he was the complainant, so he requested Ross Carlton to act as special judge for the proceeding against Boyd. The city council held a meeting to formalize the appointment, but the city secretary was not in attendance and no minutes reflected the approval of Carlton's status of special judge. No written oath was subscribed. Carlton testified that he took an oath but does not recall its content or method of administration. The Municipal Court is not a court of record.

At the time of Boyd's trial, Carlton was a business partner of the Mayor's brother and the law partner of the City Attorney who prosecuted the case against her. Carlton apparently presided over only this one case. After trial, Carlton assessed a fine against Boyd in the amount of $50.00. Carlton subsequently issued a warrant for Boyd's arrest and she was arrested and jailed, which the jury found wrongfully caused bodily harm, humiliation, and damage to her reputation.

Boyd now contends Carlton never acquired the status of a judge. She asserts that the city charter requires that the office of special judge must be created by ordinance rather than resolution and thus, even if the unrecorded council session had been properly held and recorded, it would have been legally ineffective. Next, she contends that Carlton had the burden of proving that he was a judge and failed to demonstrate that he took a proper oath. Finally, she asserts that Carlton's connection with the prosecutor and the Mayor's brother violated the prohibition of Art. V, Section 11 of the Texas Constitution on a judge's sitting in a case in which he is interested or acted as counsel.

Carlton asserts that Boyd's pleading that "Ross Carlton was Judge of the Municipal Court of Whitney, Texas" estops her from now contending otherwise. Carlton points out that his judicial position was a necessary part of Boyd's assertion that she was the victim of "state action" within the meaning of § 1983. He further alleges that he is entitled to judicial immunity and that no ground for disqualification on account of interest would deprive him of such immunity. Alternatively, Carlton contends that Boyd had the burden of proving he was not a judge and failed to carry it. Finally, Carlton asserts that Boyd forfeited her right to appeal the judgment notwithstanding verdict in Carlton's favor when she withdrew the judgment proceeds paid in by the remaining defendants because the court's order provided that such withdrawal was in full satisfaction as to all defendants.

The pleadings and record before us on this appeal do not present the apparently undecided issue of what constitutes de facto judicial status sufficient to afford judicial immunity. Boyd's pleadings characterized Carlton as a judge. Carlton's pleadings never raised the claim that as a judge he was immune from civil damage liability until his motion for a directed verdict at the conclusion of plaintiff's proof. Proof of whether Carlton was in law or in fact acting as a judge is unclear precisely because the parties did not timely join issue on these questions in the trial of the cases.

■ As between the pleading deficits, the one that controls this appeal is the failure to properly assert the affirmative defense. Boyd claimed Carlton was responsible to her in damages for his actions. Carlton's answer denied liability, but not on the basis that he enjoyed an absolute immunity flowing from judicial status. Thus, he did not put in issue the defense that was the basis of the district court's judgment notwithstanding verdict and the principal contention on which he bases his appellate defense. The failure to plead judicial im-

munity waived the affirmative defense. Fed.R.Civ.P. 8(c); *Henry v. First National Bank of Clarksdale,* 595 F.2d 291, 298 n.1 (5th Cir. 1979). This waiver renders irrelevant Carlton's contentions: (1) that Boyd is estopped by her pleadings to assert that he was not acting as a judge; (2) that if Carlton was not acting as a judge, Boyd failed to prove state action necessary to her cause of action under § 1983;[2] (3) that Boyd had the burden, which she failed to carry, of proving that Carlton was not a judge; and (4) that Boyd's charges of disqualification were not valid defenses to judicial immunity.

 The remaining ground of Carlton's argument is that Boyd has waived her right to appeal by taking down the amounts awarded against the remaining defendants because the order allowing this recites that the proceeds are to be received "in full and final payment and satisfaction of the Judgment rendered herein as to all Defendants." This sentence cannot be read in isolation. Styling themselves the "Judgment Defendants," all defendants cast in damages asserted they did not desire to appeal but instead wished to avoid interest on the judgment rendered against them by tendering the judgment amounts into the court's registry. They moved the court to accept their tender and hold it "to be paid to the [plaintiff] at any time that she makes application therefor." Eight days later, plaintiff made application to withdraw these funds, reciting that the judgment was final as to the defendants making the deposit, and concluding:

> WHEREFORE, PREMISES CONSIDERED, Plaintiff moves that she be permitted to withdraw said funds in full and final payment and satisfaction of the judgment rendered herein as to all Defendants except Defendants Ross Carlton and Ted Beaty.

In this context, the court's order granting plaintiff's application can be seen to apply to the self-styled "Judgment Defendants" alone and not to affect the prior appeal.

The judgment appealed from is reversed and the cause is remanded with directions to render judgment for Boyd against Carlton in accordance with the verdict of the jury. Any question as to attorney's fees for this appeal under 42 U.S.C. § 1988 is remanded to the district court for consideration with any claim for attorney's fees that may be made in that court.

REVERSED AND REMANDED.

---

**2.** We expressly pretermit any ruling on whether Carlton's actions would be "under color" of law within the meaning of § 1983 even if he were not a judge.