Clarence Douglas ELLISON,
Plaintiff-Appellant,

v.

Jerry DE LA ROSA, Jr., et al.,
Defendants-Appellees.

No. 82-1187
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 13, 1982.

Clarence Douglas Ellison, pro se.

**960**

Mayo J. Galindo, San Antonio, Tex., for defendants-appellees.

Before BROWN, GEE and JOLLY, Circuit Judges.

GEE, Circuit Judge:

Appellant filed this purported section 1983 action in the district court against his appointed trial attorney and his appointed appellate counsel, seeking declaratory and injunctive relief, as well as large actual and punitive damages from each. He sought declaratory relief that their actions had violated his constitutional rights and injunctive relief, requiring "the defendants to immediately stop being ineffective ... [and] appear before the Texas State Bar for proper disciplinary action ...." Appellant's claims were that (1) his trial counsel was ineffective for allowing two fundamentally defective indictments to be prosecuted against him, and (2) his appellate counsel was ineffective for failing to urge the invalidity of the indictments on appeal and also for failing to urge the ineffectiveness of his trial counsel.

The district court denied relief, adopting the report of the magistrate, who found that there was no legal basis on which to hold the defendants liable for any alleged "wrong" and that the court had no authority to grant the relief appellant sought. With respect to his allegations that challenged the fact or validity of his criminal conviction and resulting confinement, the court dismissed the action without prejudice for appellant first to exhaust his remedies in the state courts.

Appellant is presently a prisoner in the custody of the Texas Department of Corrections on an enhanced sentence of 30 years for 1980 state burglary convictions. His appeal of his latest conviction was pending in the Texas Court of Criminal Appeals at the time this federal suit was filed.

■ The ruling of the district court was correct. Appellant's allegations, apart from the purely conclusory claim that counsel's representation "was in all things ineffective," focused on the alleged invalidity of the indictments upon which he was convicted. Whenever the thrust of a plaintiff's section 1983 claim goes to the constitutionality of his state court conviction, the exclusive remedy available to him is habeas corpus relief; and that relief requires prior exhaustion of state court remedies. *See Richardson v. Fleming*, 651 F.2d 366, 373 (5th Cir. 1981); *Courtney v. Reeves*, 635 F.2d 326, 330 (5th Cir. 1981).

Appellant's claims of ineffectiveness of counsel, if established, would render his trial unfair and his resulting criminal conviction invalid. He has not yet exhausted state remedies on these issues. Therefore, as to these issues the district court properly dismissed his action without prejudice.

As for the section 1983 claim, *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–1913, 68 L.Ed.2d 420 (1981), requires that in any such action the initial inquiry must focus on whether two essential elements are present: whether the conduct complained of was committed by a person acting under color of state law; and whether this conduct deprived another person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

■ The recent decision in *Polk County v. Dodson*, —— U.S. ——, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), held that (1) a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to an indigent defendant in a state criminal proceeding; and (2) this is essentially a private function for which state office and authority are not needed. *Id.* at 102 S.Ct. 450, 453. In view of this holding, appellant's section 1983 claim fails for want of any action under color of state law, the first requisite of a section 1983 action under *Parratt*.

AFFIRMED.