802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROGER HARRISON, Plaintiff-Appellant
v.
PAUL V. RAHALEY; CHARLES BARDON, Defendants-Appellees.
 No. 85-1862.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1986.
 
 1
 BEFORE: KEITH and MARTIN, Circuit Judges; and WEBER, District Judge.*
 
 ORDER
 
 2
 This Michigan pro se plaintiff appeals from a district judgment summarily dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983 as frivolous.
 
 
 3
 Plaintiff sued a Detroit police officer claiming that he was forced to serve seven years of imprisonment as a result of the officer filing a complaint falsely charging the plaintiff with robbing the officer. Plaintiff also sued his court appointed attorney for not filing a proper appeal until he was forced to do so by a court administrator. Plaintiff's conviction was reversed on appeal, and the charges to which plaintiff had pleaded guilty were eventually dismissed when the complaining witness could not be found by the authorities.
 
 
 4
 Upon a liberal review of the cause, this Court concludes that the plaintiff's action was properly dismissed as frivolous under 28 U.S.C. Sec. 1915(d). Cf. Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985) (per curiam). The police officer in this case was allegedly acting as a private individual and not as a public servant of the state when he charged the plaintiff with committing a robbery against the officer. See Grow v. Fisher, 523 F.2d 875, 879 (7th Cir. 1975). A court appointed attorney likewise does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. Dela Rosa, 685 F.2d 959 (5th Cir. 1982). The lack of state action, therefore, properly defeated the maintenance of plaintiff's Sec. 1983 cause of action. See Bier v. Fleming, 717 F.2d 308, 310 (6th Cir. 1983). Even if the officer is considered a state actor, he is absolutely immune from liability for his actions as a witness who initiated the criminal process on the basis of his perjured testimony. See Briscoe v. LaHue, 460 U.S. 325, 341-46 (1983); Macko v. Byron, 760 F.2d 95 (6th Cir. 1985) (per curiam); Kurzawa v. Mueller, 732 F.2d 1456 (6th Cir. 1984).
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation