IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60126
Summary Calendar
_____

DARIES F. MITCHELL,

Petitioner-Appellant,

versus

STEVE PUCKETT,

Respondent-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:94-CV-550 RR
- - - - - - - - - - -
January 20, 1998

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Daries F. Mitchell, Mississippi prisoner No. 68075, has requested a certificate of appealability (COA) to appeal the district court's denial of his federal habeas corpus petition. Because Mitchell's petition was filed in the district court prior to the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), Mitchell's appeal is governed by pre-AEDPA law, and it may not proceed unless he obtains a certificate of probable cause (CPC). Green v. Johnson,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

116 F.3d 1115, 1120 (5th Cir. 1997). We construe the district court's denial of a COA as a denial of a CPC and Mitchell's motion for a COA as a motion for a CPC. See id.

In the district court, Mitchell advanced eighteen separate grounds for obtaining federal habeas relief. The district court determined that all of Mitchell's claims were procedurally barred; however, the district court nevertheless addressed and rejected on the merits Mitchell's arguments that he was not indicted by a grand jury; that the respondent did not timely file Mitchell's state court records in the district court; and that Mitchell's conviction violated principles of due process because of unrelated crimes committed by a law enforcement officer involved in the investigation of Mitchell's case.

Mitchell argues that the district court should have addressed the merits of all of his arguments and that it erred in determining that his claims were procedurally barred under state law.

Mitchell's claims that his signature was forged on a consent-to-search-form, that he was denied a speedy trial, and that he was denied a change of venue were raised in his direct appeal; therefore, those claims are not procedurally barred under Mississippi law. MISS. CODE ANN. § 99-39-21(1) (1994); see Mitchell v. State, 609 So. 2d 416, 421-22 (Miss. 1992). Mitchell's ineffective-assistance-of-counsel claim is also not subject to dismissal on the basis of a state procedural bar. See

Smith v. Black, 904 F.2d 950, 976 & n.8 (5th Cir. 1990), vacated on other grounds, 503 U.S. 930 (1992).  The district court did not err in dismissing Mitchell's Fourth Amendment claim, however, because that claim is not cognizable in federal habeas.  Stone v. Powell, 428 U.S. 465, 482-83 (1976).

Mitchell also argues in this court that he is entitled to federal habeas relief because he was not properly indicted; his conviction violates principles of due process due to unrelated crimes committed by a law enforcement officer involved in Mitchell's prosecution; the respondent failed timely to file his state records in the district court; and the district court delayed in ruling on his federal habeas petition.  Mitchell has failed to make a substantial showing of the denial of a federal right with regard to these claims.  Barefoot v. Estelle, 463 U.S. 880, 893 (1983).

Mitchell has abandoned his request for a COA/CPC as to the other issues raised in his federal habeas petition by failing to explain the factual or legal basis of those claims in this court. Yohey v. Collins, 985 F.2d 222, 223-24 (5th Cir. 1993); FED. R. APP. P. 28(a)(6).

Mitchell's motion for a CPC is GRANTED.  The denial of his federal habeas petition is AFFIRMED IN PART and VACATED IN PART. The case is remanded to the district court for consideration of Mitchell's claims that he was denied a speedy trial; that he was denied a change of venue; and that he received ineffective

assistance of counsel.  <u>See</u> <u>Clark v. Williams</u>, 693 F.2d 381, 382 (5th Cir. 1982).

CPC GRANTED; AFFIRMED IN PART AND VACATED AND REMANDED IN PART.