IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30447
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEBORAH RICHARDSON BOUNDS,

Defendant-Appellant.

_____

No. 97-30450
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANNY ROYCE BRAZIEL,

Defendant-Appellant.

- - - - - - - - - - -
Appeals from the United States District Court
for the Western District of Louisiana
USDC Nos. CR-88-50038-01, CR-88-50038-03
- - - - - - - - - - -
April 10, 1998

Before JOLLY, JONES, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Deborah Richardson Bounds, federal prisoner number 18364-077, and Danny Royce Braziel, federal prisoner number 18365-077, appeal from the district court's denial of their motions for modification of the imposed term of imprisonment under 18 U.S.C. § 3582(c)(2). Bounds moves this court to recognize that a certificate of appealability is not required and to allow her to adopt her coappellant's brief. These motions are GRANTED.

Appellants argue that the district court should have applied retroactively Amendment 484 to U.S.S.G. § 2D1.1, clarifying what materials must be excluded from controlled substances in calculating the weight at sentencing. Because Bounds and Braziel were sentenced on the size and capability of the clandestine methamphetamine laboratory, Amendment 484 does not apply to their situation. *United States v. Allison*, 63 F.3d 350, 353 (5th Cir. 1995).

The district court did not abuse its discretion in denying the § 3582(c)(2) motions. These appeals are without arguable merit and thus frivolous; they are DISMISSED without further briefing. *See* 5th Cir. R. 42.2; *Clark v. Williams*, 693 F.2d 381, 382 (5th Cir. 1982).

MOTIONS GRANTED; APPEAL DISMISSED.