IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11375
USDC No. 5:97-CV-156
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

CLARENCE ROBINSON, also
known as Clarence McVay Robinson,

                              Defendant-Appellant.

---------------------

Appeal from the United States District Court
for the Northern District of Texas

---------------------
June 5, 1998
Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

BY THE COURT:

     Clarence Robinson, federal prisoner #25433-077, requests the
issuance of a certificate of appealability (COA) from this court
to appeal the district court's denial of his 28 U.S.C. § 2255
motion.  He argues that his § 2255 motion was not time-barred
because he delivered his motion to prison authorities for mailing
on April 22, 1997, within the applicable one year limitations
period contained in § 2255.

COA is GRANTED with regard to the issue whether Robinson's § 2255 motion was time-barred. Robinson had until April 24, 1997, to file for relief under § 2255. See <u>United States v. Flores</u>, 135 F.3d 1000, 1006 (5th Cir. 1998). For limitations purposes, Robinson's motion was filed on the date he forwarded it to prison officials for mailing to the district court. See <u>Cooper v. Brookshire</u>, 70 F.3d 377, 378 (5th Cir. 1995); Fed. R. App. P. 4(c). The certificate of service attached to Robinson's § 2255 motion, which complies with 28 U.S.C. § 1746, shows that he delivered his motion to prison authorities for mailing on April 22, 1997, within the limitations period. See Fed. R. App. P. 4(c) (timely filing may be shown by a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid). The judgment of the district court is therefore VACATED and the case is REMANDED for further proceedings. See <u>Clark v. Williams</u>, 693 F.2d 381, 382 (5th Cir. 1982).