IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60486
Summary Calendar
_____


EDDIE KENDAL ROMANS SELF, Decedent,
by EDDIE SELF, Duly Appointed Administrator
of the Estate of the Decedent; EDDIE SELF,
Individually and on Behalf of the Wrongful
Death Beneficiary, TARA SELF GOODMAN,

                                        Plaintiffs-Appellees,


                        versus


        CITY OF GREENWOOD, MISSISSIPPI, ET AL.,


                                        Defendants,


        RAYMOND MOORE, Individually and in His Official
        Capacity as a Police Officer for the City of
        Greenwood, Mississippi; SONYA BECK, Individually
        and in Her Official Capacity as a Police Officer
        for the City of Greenwood, Mississippi; JEROME
        MCCASKILL, Individually and in His Official
        Capacity as a Police Officer for the City of
        Greenwood, Mississippi; SUSAN SWINDLE, Individually
        and in Her Official Capacity as a Police Officer
        for the City of Greenwood, Mississippi,

                                        Defendants-Appellants.

                --------------------
        Appeal from the United States District Court
        for the Northern District of Mississippi
                USDC No. 4:01-CV-5-M-B
                --------------------
                January 14, 2003

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendants Raymond Moore, Sonya Beck, Jerome McCaskill, and Susan Swindle (collectively, the defendants), assert that the district court erred in denying their "Immunity Defense Motion." The plaintiffs have filed an unopposed motion to correct a clerical error in the caption with respect to the names of the plaintiffs-appellees, which is GRANTED.

The defendants contend that they were entitled to absolute immunity. Although the defendants preserved their defense of absolute immunity by raising it in their answers, they did not properly present the claim for pretrial consideration, as it was not included in their "Immunity Defense Motion." See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (qualified immunity); Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982) (absolute immunity); Boyd v. Carroll, 624 F.2d 730, 732-33 (5th Cir. 1980). This court will not review this claim that the district court did not consider.

The defendants also assert that the district court erred in denying their claims for qualified immunity. Contrary to Moore's assertions, the district court did not conclude that the decedent had a constitutional right to resist arrest, but that the plaintiffs had alleged a Fourth Amendment violation arising from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

excessive force during a seizure.  See Tennessee v. Garner, 471 U.S. 1, 7 (1985).  With respect to Beck, McCaskill, and Swindle, the evidence presented by the plaintiffs creates a disputed issue of fact regarding whether their actions were "integral to the" illegal seizure.  See Melear v. Spears, 862 F.2d 1177, 1186 (5th Cir. 1989).  As for Moore, the evidence presented creates a dispute regarding whether Moore "ha[d] probable cause to believe that the suspect pose[d] a threat of serious physical injury or death to the officer [or the sheriff's deputies present]."  Fraire v. City of Arlington, 957 F.2d 1268, 1280 (5th Cir. 1992).  Because the district court's denial of qualified immunity was based on a genuine issue of material fact and not upon a question of law, this court does not have jurisdiction over this interlocutory appeal.

APPEAL DISMISSED; MOTION GRANTED.