[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-11408
Non-Argument Calendar

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
December 19, 2005
**THOMAS K. KAHN**
**CLERK**

D. C. Docket No. 05-80056-CV-DTKH

NORMAN J. MORDKOFSKY,

Plaintiff-Appellant,

versus

GUIDO CALABRESI,
U.S. Court of Appeals, 2nd Circuit Judge,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 19, 2005)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Norman Mordkofsky appeals the sua sponte dismissal of his complaint

based upon the doctrine of absolute judicial immunity. He argues that the district court erred in <u>sua sponte</u> dismissing his appeal based on judicial immunity because the Judge Calabresi performed a nonjudicial act, not normally performed by a judge, the dismissal did not happen in court or in chambers, and there was no case pending because the defendant had dismissed it. He also argues that the district court had federal question jurisdiction over his complaint because the complaint alleged violations of the Constitution and laws of the United States, that nothing in 28 U.S.C. § 1343 or 42 U.S.C. § 1985 states that judicial immunity affects subject matter jurisdiction, that Judge Calabresi waived judicial immunity by not pleading it, that Judge Calabresi's dismissal of his Second Circuit case was contrary to other legal opinions Judge Calabresi had written, and that his Second Circuit case had legal merit.

Under the doctrine of absolute immunity, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." <u>See</u> <u>Bolin v. Story</u>, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotations omitted) (citing <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." <u>Mireles v. Waco</u>, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116

2

L.Ed.2d 9 (1991). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Bolin, 225 F.3d at 1239. However, judicial immunity is an affirmative defense and does not divest the court of subject matter jurisdiction. Boyd v. Carroll, 624 F.2d 730, 732-33 (5th Cir. 1980).[1] In Boyd, this court held that the failure to plead judicial immunity waived the affirmative defense and so the court would not address the issue, demonstrating that it is not subject matter jurisdiction.

Therefore, the district court erred when it dismissed sua sponte Mordkofsky's complaint.[2] Accordingly, we vacate and remand for further proceedings. We note that this case is clearly subject to dismissal upon a plea of judicial immunity. It is unfortunate that the case law requires it be remanded. This remand will expend additional judicial and governmental resources because the Government has to reply and raise the defense. Therefore, because of this waste of resources, the district court may want to consider sanctions.

**VACATED and REMANDED**.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] Dismissal would have been appropriate had Mordkofsky filed his suit in forma pauperis, pursuant to the frivolity review under 28 U.S.C. § 1915(e)(2).