# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2010

No. 10-40008
Summary Calendar

Lyle W. Cayce
Clerk

VERNON KING, JR.,

Plaintiff-Appellant

v.

RICH N. STEVEN; BRENDA A. CHANEY; SHARON D. ALLEN; GENE A. KROLL; CORDIE A. THOMAS, JR.; KEITH E. GORSUCH,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CV-972

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Vernon King. Jr., Texas prisoner # 590316, moves this court for authorization to proceed in forma pauperis (IFP) following the district court's dismissal of his 42 U.S.C. § 1983 complaint under the three-strikes provision of 28 U.S.C. § 1915(g).  Under § 1915(g), a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated, brought an action or appeal that was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed as frivolous or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. § 1915(g). The determination whether a prisoner is under "imminent danger" must be made at the time the prisoner seeks to file his suit in district court or to proceed with his appeal, or when he files a motion to proceed IFP. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

King's allegations warrant a determination that he is under imminent danger of serious physical injury. Accordingly, King's motion for leave to proceed IFP is granted. We vacate the judgment and remand the case to the district court for further proceedings consistent with this opinion. No further briefing is required. *See Clark v. Williams*, 693 F.2d 381, 382 (5th Cir. 1982).

IFP GRANTED; VACATED AND REMANDED.