# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2011

No. 11-30194
Summary Calendar

Lyle W. Cayce
Clerk

VICTOR G. BAXTER,

Petitioner-Appellant

v.

W. A. SHERROD, Warden, United States Penitentiary, Pollock,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-CV-1622

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In 2003, a jury found Victor G. Baxter, federal prisoner # 26713-004, guilty of one count of distributing five grams or more of crack and one count of possessing with intent to distribute cocaine, and he received concurrent 360-month prison terms. He was found to be a career offender and his sentence was enhanced in part on the basis of a trio of 1999 guilty plea convictions in state court for drug offenses for which he received a 174-day prison sentence. He moves this court for a certificate of appealability (COA) to appeal the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's decision to dismiss his 28 U.S.C. § 2254 petition and 28 U.S.C. § 2241 application for lack of jurisdiction.

The district court determined that it did not have jurisdiction to consider Baxter's §2254 claim on the basis that Baxter was no longer in custody on that conviction. Baxter does not address this issue in his brief to this court; accordingly, he has abandoned it, and it will not be considered. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

As for Baxter's claims brought under § 2241, he is not required to obtain a COA before appealing the district court's decision. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). Because the issue of whether the district court erred in dismissing the § 2241 application is resolved by Baxter's submissions to this court and the record, further briefing is unnecessary. *See Clark v. Williams*, 693 F.2d 381, 381-82 (5th Cir. 1982).

Baxter contends that he was actually innocent of being a career offender when he was sentenced in his federal case. However, a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the offense of conviction and thus does not fall within the savings clause of § 2255(e) and is not cognizable under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000); *see also Padilla*, 416 F.3d at 426-27 (holding that a challenge to the validity of an enhanced sentence did not fall under the § 2255 savings clause).

Accordingly, Baxter's motion for a COA regarding his § 2254 petition is DENIED. His motion for a COA regarding his § 2241 application is DENIED as unnecessary. The judgment of the district court is AFFIRMED.