# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10238

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2017

Lyle W. Cayce
Clerk

THOMAS SAWYER,

Plaintiff-Appellant

v.

CARYN DIE; TAMMY MESSIMER; LAWRENCE DOTY; DANIEL A. LAKIN; JOSEPH C. BOYLES; ET AL,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:15-CV-92

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Thomas Sawyer, Texas prisoner # 579557, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal without prejudice of his civil rights lawsuit. Sawyer has three strikes under 28 U.S.C. § 1915(g) and therefore may not proceed IFP in a civil action or in an appeal of a judgment in a civil action unless he is "under imminent danger of serious physical

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10238

injury." § 1915(g). Also, the district court certified that Sawyer's appeal was not taken in good faith for the reasons set forth in the order of dismissal.

The district court's order of dismissal noted that Sawyer is subject to § 1915(g) and to a court-ordered sanction from the Southern District of Texas that requires him to obtain permission from a judicial officer before filing complaints, pleadings, or other documents. The district court denied Sawyer permission to proceed and dismissed the case without prejudice pursuant to § 1915(g) and the court-ordered sanction after finding that Sawyer failed to allege sufficient facts to state a claim that he was in imminent danger of serious physical injury and likewise failed to state a claim for violation of his civil rights.

By moving to proceed IFP in this court, Sawyer is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The determination whether a prisoner is under "imminent danger" must be made at the time the prisoner seeks to file his suit in district court or to proceed with his appeal, or when he files a motion to proceed IFP. *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Sawyer's IFP application shows that he qualifies financially to proceed IFP. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). In addition, his allegations regarding the dislocation of his shoulder warrant a determination that he was under imminent danger of serious physical injury, as required to proceed under § 1915(g). Further, Sawyer's factual allegations regarding the dislocation of his shoulder state at least a plausible claim of excessive force amounting to unconstitutionally cruel and unusual punishment. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *McCreary v. Massey*, 366 F. App'x 516, 519 (5th Cir. 2010). We do not reach any of his other claims.

No. 16-10238

Accordingly, Sawyer's motion for leave to proceed IFP on appeal is GRANTED. *See* § 1915(g); *see also Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Sawyer's motion for a ruling on his IFP motion is DENIED as moot.

Where, as here, the merits of an appeal "are so intertwined with the [IFP] certification decision as to constitute the same issue," we may determine both. *Baugh*, 117 F.3d at 202. Therefore, we dispense with further briefing, VACATE the district court's order, and REMAND the case to the district court for further proceedings consistent with this opinion. *See Clark v. Williams*, 693 F.2d 381, 382 (5th Cir. 1982). The case remains subject to the provisions of § 1915(e)(2), and we take no position on the ultimate merits of any of Sawyer's claims or any defenses that might be raised.