**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————

No. 25-11525
Non-Argument Calendar

————————————

JAMES M. HEYWARD,

*Plaintiff-Appellant,*

*versus*

DIANA MORELAND,
Individually,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cv-01528-SDM-AEP

————————————

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

In February 2024, James Heyward lost his house. Diana Moreland, a judge of Florida's Twelfth Judicial Circuit, issued a

2                    Opinion of the Court                    25-11525

final judgment foreclosing on his property and ordering it to be sold.

Four months later, Heyward sued Moreland (supposedly in her individual capacity) in federal court for impersonating a judge, claiming that she had never taken the oath required by the very first law ever passed by Congress.[1]   *See* 4 U.S.C. § 101.   His complaint included four "causes of action," each predicated on Moreland's "impersonation" of a judge.   The first two counts sought, as relief, declaratory judgments that all of Moreland's acts as a circuit court judge were void.   The second two counts sought monetary damages, each in excess of $10 million.

The district court dismissed the complaint with prejudice, finding (1) that all of the claims were barred by absolute judicial immunity; (2) that the court had no subject-matter jurisdiction over the claims seeking declaratory relief under the *Rooker-Feldman* doctrine; (3) that the claims failed as a matter of law because Moreland's oath was valid and—even if it was deficient—the de facto officer doctrine would cure any defect; and (4) the complaint's failure to state a claim for relief was not plausibly susceptible to cure by amendment.   We affirm.

---

[1] An Act to regulate the Time and Manner of administering certain Oaths, ch. 1, 1 Stat. 23 (1789).   Although Heyward consistently refers to this law as "1 Stat. 23," the relevant provision is currently codified at 4 U.S.C. § 101.

25-11525                Opinion of the Court                3

★    ★    ★

We review the district court's dismissal de novo, and we begin with *Rooker-Feldman* because it presents a jurisdictional bar, while judicial immunity is only an affirmative defense. *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017); *see Boyd v. Carroll*, 624 F.2d 730, 732–33 (5th Cir. 1980).[2]

Although *Rooker-Feldman* is a narrow doctrine, it does bar "all appeals of state court judgments—whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else." *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021). That means that the district court was right to decide that it lacked subject-matter jurisdiction over the two claims seeking declaratory relief because those claims operate as appeals of Heyward's state-court foreclosure judgment, asking the federal courts to declare that judgment—along with all others Moreland has issued—void. To the extent that Heyward thinks the foreclosure judgment against him is void because Moreland was not properly exercising the powers of her office, "the proper response was the same one open to all litigants who are unhappy with the judgment of a trial court: direct appeal." *Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009). Heyward is thus just the sort

---

[2] This Court recognizes cases decided by the Fifth Circuit prior to October 1, 1981, as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

of losing state-court litigator "the *Rooker-Feldman* doctrine was designed to turn aside." *Id.*

That said, with or without *Rooker-Feldman*, all of Heyward's claims are barred by absolute judicial immunity, which flows "from the nature of the responsibilities of the individual official" and applies to state court judges. *Osuna*, 877 F.3d at 1302 (quotation omitted). It applies when judges act "in their judicial capacity" and even when they act in excess of their jurisdiction, as long as they do not act in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation omitted). Because Heyward challenges actions Moreland took in her capacity as a Florida circuit court judge, absolute immunity bars his claims.

Of course, Heyward does not believe that Moreland is a judge.[3] But even if he's right that her purported violation of the oath requirement has prevented her from ever properly assuming

---

[3] We note that it is only the complaint's *factual* allegations—and not its legal conclusions—which must be accepted as true. *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1334 (11th Cir. 2015). For example, Heyward's complaint claims that Moreland presided over the foreclosure proceeding against his property. That is a factual allegation that the district court accepted as true—so do we. But the complaint's allegation that Moreland was "operating without proper Oath of Office and impersonating a Circuit Court Judge" is a legal conclusion. The district court was not required to accept this claim as true, and it did not. Neither do we. Whether Moreland was exercising judicial power without having taken a proper oath is what this case is about: there may be facts to support that conclusion, or there may not, but we are not required—while reviewing the district court's dismissal of Heyward's claims—to assume that that conclusion is correct simply because Heyward asserted it.

judicial office, Moreland would still be a de facto judge. Under longstanding doctrine, someone is a de facto officer when she claims to hold an office, so long as she "is in possession of it, performing its duties, and claiming to be such officer under color of an election or appointment," and as a result her "official acts" are "recognized as valid." *Norton v. Shelby County*, 118 U.S. 425, 445 (1886) (quotations omitted). Although Heyward resists it, the conclusion that Moreland is (at least) a de facto judge is supported by his own complaint, which alleges that she is in possession of the office, has been performing its duties, and claims to be a judge under color of official appointment. And absolute immunity applies to de facto judges just as it does to de jure ones. *See Boyd*, 624 F.2d at 732 (accepting that even de facto judges may enjoy judicial immunity); *cf.* 46 Am. Jur. 2d *Judges* § 230 (2026) (citing *White ex rel. Swafford v. Gerbitz*, 892 F.2d 457 (6th Cir. 1989)) ("A de facto judge . . . enjoys absolute judicial immunity in matters concerned with the discharge of the judge's judicial duties.").

So whatever 4 U.S.C. § 101 requires—and regardless of whether Moreland has complied with it—all of Heyward's claims against her are barred, and the district court was right to dismiss his complaint. Heyward objects that the district court's dismissal has violated the "elementary canon of construction that a statute should be interpreted so as not to render one part inoperative" by rendering *all* of this statute inoperative. *Colautti v. Franklin*, 439 U.S. 379, 392 (1979), *abrogated on other grounds by Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022). But Heyward confuses application and interpretation. The district court never interpreted

the statute—and neither do we—because the jurisdiction and immunity issues prevented it (and us) from reaching the merits of Heyward's claims.   But the oath requirement in § 101 is not "inoperative" merely because Heyward may not enforce it in *this* case.

★      ★      ★

All of Heyward's claims are barred under either *Rooker-Feldman* or absolute judicial immunity, so we do not reach the question of whether they fail as a matter of law.  And because they all rely on actions that Moreland took in her judicial capacity, amendment would have been futile, which means the district court correctly dismissed the complaint with prejudice without leave to amend.  *See L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020).

The dismissal is **AFFIRMED**.