**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-31102

K. TRACY BERGQUIST,
ON BEHALF OF HERSELF AND ALL OTHER
SHAREHOLDERS OF FyBX CORPORATION,

Plaintiff-Appellee,

versus

FyBX CORPORATION; ET AL,

Defendants,

FyBX CORPORATION; MICHAEL P. ARATA;
HOFFMAN, SIEGEL, SEYDEL, BIENVENU, CENTOLA & CORDES,
A PROFESSIONAL LAW FIRM,

Defendants-Appellants.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-722

Before REAVLEY, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

FyBX Corporation, its former attorney Michael Arata, and
its law firm Hoffman, Siegel, Seydel, Bienvenu, Centola & Cordes
appeal the denial of their motion for sanctions against Tracy
Bergquist pursuant to Rule 11 and 28 U.S.C. § 1927. FyBX and its
attorneys moved for sanctions on the grounds that Bergquist's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

lawsuit, claiming damages for RICO violations and securities fraud, was frivolous and without evidentiary support and demonstrated a failure to make a reasonable inquiry into the law. The district court denied the motion. The court found that, although the federal claims were legally groundless, no improper purpose underlay Bergquist's complaint. As we cannot say that the district court abused its discretion, we affirm the denial of the motion for sanctions under Rule 11 and 28 U.S.C. § 1927.

This case involves a corporate dispute between Bergquist, a minority shareholder, and FyBX and its lawyers. The gravamen of Bergquist's complaint is that the FyBX Board of Directors engaged in actions and issued stock in violation of Louisiana law and FyBX's Articles of Incorporation, thus rendering Bergquist's stock worthless.

This is not the first time that FyBX and its attorneys have requested this court to sanction Bergquist. In Bergquist v. FyBX Corp., No. 03-30946 (5th Cir. filed June 21, 2004), the plaintiff unsuccessfully appealed the district court's grant of summary judgment in favor of the defendants.[1] On appeal, FyBX and its attorneys moved for sanctions and costs against Bergquist pursuant to Federal Rule of Appellate Procedure 38, asserting that the appeal was frivolous. This court declined to impose Rule 38

_____

[1] The district court granted the motion for summary judgment on several federal law claims and dismissed without prejudice Bergquist's remaining state law claims for lack of jurisdiction. Bergquist v. FyBX Corp., No. Civ.A.02-722, 2003 WL 22384934, at *1 (E.D.La. Oct. 15, 2003).

2

sanctions.  <u>Id.</u>  For the second time, we decline to order sanctions against Bergquist.

Rule 11 provides that when a lawyer submits a pleading to the court, the lawyer certifies that any representations made to the court are not being presented for any improper purpose, that the legal contentions are warranted by existing law or a non-frivolous argument for the extension, modification, or reversal of the law, and that any allegations made therein have evidentiary support.  Fed. R. Civ. P. 11.  The district court may impose appropriate sanctions, including attorneys' fees and costs, on an attorney who files a pleading in violation of Rule 11.  <u>Id.</u>  This court reviews a district court's denial of Rule 11 sanctions for abuse of discretion.  <u>Whitehead v. Food Max of Miss., Inc.</u>, 332 F.3d 796, 802 (5th Cir. 2003) (en banc);  <u>Friends for Am. Free Enter. Ass'n v. Wal-Mart Stores, Inc.</u>, 284 F.3d 575, 577-78 (5th Cir. 2002).  Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court. <u>Whitehead</u>, 332 F.3d at 803.

The District Court denied the motions for sanctions under Rule 11 and 28 U.S.C. § 1927 because the court "[did] not find any improper purpose underlying [Bergquist's] complaint."  <u>Bergquist</u>, 2003 WL 22384934, at *3.  The court was convinced that Bergquist's complaint was the product of ineptitude and misguided legal research rather than a failure to attempt a reasonable inquiry into the law or an intent to harass.  <u>Id.</u>  The district court also noted

3

that it had not ruled on Bergquist's state law claims and thus could not state that they were necessarily without merit or brought with the intent to harass.  <u>Id.</u>

Based on the record before us, the district court's conclusion would be reasonable and would not constitute an abuse of discretion.

**AFFIRMED.**