**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-30614

RICHARD BERRY; THELMA BERRY

Plaintiffs-Appellants

v.

JEFFERSON PARISH

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-cv-6551

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jefferson Parish re-zoned a piece of property owned by Thelma and Richard Berry. The Berrys then sued Jefferson Parish for (1) discriminatory zoning and (2) compensation for a taking under the Fifth Amendment. The Berrys allege that Jefferson Parish changed the zoning of their property to prevent a Christian-affiliated developer from building housing for minorities, the elderly, and the disabled. The Berrys seek damages and to enjoin this zoning under § 1983, the Americans With Disabilities Act ("ADA"), the Fair Housing Act

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("FHA"), and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The district court dismissed the Berrys' suit for lack of jurisdiction, and the Berrys now appeal. For the following reasons, we affirm.

We can easily address two of the Berrys' claims. First, the district court correctly determined that it lacked jurisdiction to address the Berrys' taking claim. The Berrys are currently pursuing this claim in state court, and it is consequently not ripe for federal adjudication until after these state proceedings. *See Urban Developers LLC v. City of Jackson*, 468 F.3d 281, 294–95 (5th Cir. 2006). Second, the Berrys have not briefed the district court's determination that they lacked standing to bring their ADA claim. An unbriefed argument is an unpreserved argument, *see* FED. R. APP. P. 28(a)(9)(A), and the Berrys have waived their ADA claim by failing to brief it.

Resolution of the remaining claims turns on whether the Berrys have standing to bring them. To have standing to bring their § 1983, FHA, and RLUIPA claims, the Berrys must—at the very least—assert an injury that is fairly traceable to Jefferson Parish's actions and that is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Where applicable, the Berrys must also satisfy prudential standing requirements, including the general prohibition on raising the rights of third parties. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Powers v. Ohio*, 499 U.S. 400, 411 (1991) (enumerating the requirements for third-party standing). We agree with the district court that the Berrys lack standing to bring these claims, but only on the basis that the Berrys have not adequately asserted the requisite elements of standing to bring each of these claims. *See Lujan*, 504 U.S. at 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing [the elements of standing].").

As to the Berrys' § 1983 claim, they assert a violation of third parties' constitutional rights. The Berrys have not argued, however, that they have a

close relation to these aggrieved third parties or that there is something hindering these third parties from bringing suit on their own behalf, as required for third-party standing. And although the Berrys suggest that their claim alleges the deprivation of their own constitutional rights, we find their argument on this point inadequate. The Berrys have therefore failed to meet their burden of proving subject-matter jurisdiction over their § 1983 claim.

Unlike § 1983, Congress eliminated all prudential inquiries relating to standing under the FHA. *See Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003). Thus, to have standing to bring their FHA claim, the Berrys need only satisfy the bare minima of Article III—injury, causation, and redressability. Although landowners in a position like that of the Berrys might have standing to bring an FHA claim, *see, e.g.*, *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 475 (9th Cir. 1998), the Berrys have not asserted an injury that would give them standing to bring an FHA claim. The injury on which they focus—the breakdown of the planned sale of their land to certain specific buyers—is speculative at this stage because of a separate suit in which the Berrys seek the benefit of that sale. As the district court pointed out, the Berrys have a pending state court proceeding in which they argue that the developer should be required to honor the contract and pay for the land. The buyers claim the Berrys breached their obligations under the contract. Until that dispute is resolved, there is no possibility of showing damage under the FHA. Moreover, no other injury recognized under the FHA has been asserted. The Berrys have therefore failed to meet their burden of proving subject-matter jurisdiction over their FHA claim.

Finally, as to the Berrys' RLUIPA claim, it is unclear whether the Berrys are attempting to assert their own rights or the rights of third parties. But in either event, they have failed to assert the requisite elements of standing. If the Berrys are asserting the rights of third parties, there is again no argument that

they have a close relation to these aggrieved third parties or that there is something hindering these third parties from bringing suit on their own behalf. Moreover, assuming that prudential standing requirements do not apply to standing under the RLUIPA,[1] the Berrys' RLUIPA claim fails for the same reason as their FHA claim. That is, they have not asserted an injury that would give them standing to bring an RLUIPA claim. The Berrys have therefore failed to meet their burden of proving subject-matter jurisdiction over their RLUIPA claim.

In sum, the Berrys have not adequately asserted that they have standing to bring their § 1983, FHA, and RLUIPA claims.[2]

AFFIRMED.

---

[1] Because it is irrelevant to our ultimate conclusion, we express no opinion on whether prudential standing requirements apply to RLUIPA claims.

[2] We emphasize that this holding is limited to the showing made by the Berrys and in no way suggests that a party in a similar condition can never have standing to bring such claims.