# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20431
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

MOHAMED A. ALY,

      Plaintiff - Appellant

v.

CITY OF LAKE JACKSON,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
USDC No. 4:13-cv-1216

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:*

      Plaintiff-Appellant Mohamed A. Aly ("Aly") appeals the district court's dismissal of his claims on a motion for summary judgment filed by Defendant-Appellee City of Lake Jackson ("City"). For the reasons below, we **AFFIRM** the judgment of the district court.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20431

## I.     FACTS

Aly is a merchant and American citizen of Egyptian national origin who operates a retail business at the Brazos Mall. On May 7, 2013, Aly filed a complaint against City, alleging the deprivation of equal protection, first alleging that City's policy or custom was in violation of 42 U.S.C. § 1983, and second alleging that City's conspiracy was in violation of 42 U.S.C. § 1985. Regarding his claim under § 1983, Aly alleged that City has a policy of delaying or denying police protection based on an individual's nationality, and this policy denied him equal protection compared to other merchants.[1] Specifically, Aly asserted that City's police response to his reports of theft and attempted theft were inadequate, compared to the response to other merchants. Regarding this claim under §1985, Aly alleged that City police conspired with private security personnel at the Brazos Mall to similarly deny adequate response to criminal activity.

The district court initially dismissed the case for failure to prosecute, before reinstating the case on motion by the plaintiff. Thereafter, on June 12, 2014, the district court granted City's motion for summary judgment, and dismissed Aly's complaint in its entirety, noting that Aly had failed to file a response in opposition.[2] Aly thereafter filed a response and Rule 59(e) motion to amend or set aside the summary-judgment order,[3] which the district court denied.[4]

---

[1] Although Aly asserted unwarranted traffic stops as another type of violation, he has not asserted that basis on appeal. *See* ROA.449. As a result, Aly has waived that argument on appeal, notwithstanding City's addressing the argument in their brief. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

[2] ROA.448-454.

[3] ROA.456-534.

[4] ROA.535-540. On appeal, Aly asserts that certain evidence was presented as part of his response. *See* Blue Br. 10-11. However, though Aly apparently sent the response to

No. 14-20431

## II.    DISCUSSION

This court reviews de novo a district court's grant of summary judgment under Federal Rule of Civil Procedure 56.[5] Accordingly, we will find summary judgment appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[6] In this context, a fact is "material" if its resolution could affect the outcome of the action,[7] while a "genuine" issue is present "only if a reasonable jury could return a verdict for the non-movant."[8] The movant bears the initial burden of showing the absence of a genuine issue of material fact,[9] even when all reasonable doubts and inferences are resolved "in the light most favorable to the non-movant."[10] Upon the movant's satisfaction of this initial burden, however, the non-movant must show the existence of a genuine issue of material fact with specificity, that is "identify specific evidence in the record, and to articulate the precise manner in which that evidences support[s] their claim."[11] Importantly for this case, "conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get

---

opposing counsel, *see* Red Br. 2; ROA.440-444, Aly failed to properly file the response, and it was therefore not timely before the district court at the time of the summary-judgment order. Furthermore, since Aly does not appeal the district court's denial of his motion to amend or set aside, we consider only the evidence properly before the district court at the time of the summary-judgment order.

[5] *Mongrue v. Monsanto Co.*, 249 F.3d 422, 428 (5th Cir. 2001); Fed. R. Civ. P. 56.

[6] Fed. R. Civ. P. 56(c).

[7] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).

[8] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[10] *McKee v. City of Rockwall*, 877 F.2d 409, 410 (5th Cir. 1989) (internal citation omitted).

[11] *Willis v. Cleco Corp.*, 749 F.3d 314, 319 (5th Cir. 2014) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

No. 14-20431

to a jury without significant probative evidence tending to support the complaint.'"[12]

## A. Claim under 42 U.S.C. § 1983

Municipal liability under § 1983 requires a tri-partite showing of a policymaker, a policy or custom, and a constitutional violation whose moving force is the policy or custom,[13] which collectively establishes the requisite "direct causal link between a municipal policy or custom and the alleged constitutional deprivation."[14] Thus, a plaintiff cannot prevail absent a showing of a constitutional violation. In the police context, it is well settled that "a State's failure to protect an individual against private violence does not constitute a violation of the Due Process Clause."[15] Further, while the differential treatment in the denial of protective services might constitute a violation of the Equal Protection Clause,[16] a plaintiff must nevertheless provide evidence of differential treatment.[17]

After finding that City had met its initial burden as movant, the district court below ruled that Aly had failed to provide summary judgment evidence establishing a genuine issue of material fact regarding either a constitutional violation, or a direct causal connection to a municipal policy.[18] We agree.

On appeal, Aly concedes that "[t]he roles and specific actions of the various arresting and charging officers are unclear."[19] To the contrary, the only evidence before the district court clearly supported appropriate police response

---

[12] *Nat'l Ass'n of Gov't Emps v. City Public Service Bd. of San Antonio*, 40 F.3d 698, 712 (5th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

[13] *See Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001).

[14] *City of Canton v. Harris*, 489 U.S. 378, 385.

[15] *DeShaney v. Winnebago Cnty. DSS*, 489 U.S. 189, 1004 (1989).

[16] *See id.* at 1004 n.3.

[17] *McKee v. City of Rockwall, Tex.*, 877 F.2d 409, 413-414 (5th Cir. 1989).

[18] ROA.

[19] Blue Br. 12.

No. 14-20431

to Aly's service requests, and a lack of differential treatment based on national origin. Furthermore, the record was wholly bereft of any evidence supporting a causal connection between municipal policy and a constitutional violation, *i.e.* evidence of a policymaker, or policy or custom, or the latter's role as a moving force behind a constitutional violation.

### B. Claim under 42 U.S.C. § 1985

Municipal liability for conspiracy under § 1985 requires a showing of "class-based, invidiously discriminatory animus behind the conspirator's action."[20] We agree with the district court's conclusion that Aly failed to provide evidence supporting the existence of a conspiracy. Even more, in the same way that Aly failed to provide evidence of differential treatment in support of his § 1983 claim, he has similarly failed to create a genuine issue of material fact regarding discriminatory animus to support his § 1985 claim.

### III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

---

[20] *Moffett v. Bryant*, 751, F.3d 323, 326 (5th Cir. 2014) (quoting *Bryant v. Military Dep't*, 597 F.3d 678, 687 (5th Cir.2010)).