# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31242

United States Court of Appeals
Fifth Circuit

**FILED**

September 2, 2015

Lyle W. Cayce
Clerk

JAMES J. DAVIS,

Plaintiff-Appellant

v.

ERVING YOUNG; YOUNG & YOUNG ASSOCIATES; NICK BIBBEE; DOUG ANDERSON; TANYA SCALLAN; SHERIFF'S OFFICE AVOYELLES PARISH; POLICE DEPARTMENT CITY OF MARKSVILLE; JOHN DOE, Transportation Driver; JANE DOE, Transportation Driver; WAYNE AUSTIN; JULIUS WILLIAMS; PROGRESSIVE INSURANCE COMPANY; TRAVELERS INDEMNITY COMPANY; WARDEN LACHNEY; DEPUTY ERIC; NURSE MATILDA,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-548

Before BENAVIDES, CLEMENT, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Louisiana prisoner James J. Davis (# 342249) brought claims against prison officials, police officers, and others under 42 U.S.C. § 1983 and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31242

Louisiana state law. The district court dismissed the lawsuit for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. We affirm in part and reverse in part.

## FACTS AND PROCEEDINGS

Davis alleged that on November 27, 2012, he was riding in an Avoyelles Parish Sheriff's Office transport van when it collided with another vehicle. He alleged that Defendant Wayne Austin, a deputy with the Avoyelles Parish Sheriff's Department, "intentionally and/or gross negligently placed the vehicle in reverse without determining whether another vehicle was behind him." As a result of the accident, Davis alleged that he suffered neck and back injuries. Defendant Erving Young, a captain at the Avoyelles Bunkie Detention Center, arrived on the scene and ordered officers to bring Davis and another passenger, also an inmate, to the Avoyelles Parish jail. According to Davis, Young ordered Defendant Nicholas Bibbee, a police officer, to create a "knowingly false" accident report stating that Davis did not require medical attention.

Two hours after the accident, Davis and the other inmate were taken to the hospital. Davis alleged that, upon their arrival, he and the other inmate were placed in a cold, damp holding area without proper clothing. Davis complained to Defendant Eric, a transporter with the Avoyelles Parish Sheriff's Department, that the conditions of the holding area were aggravating his injuries. Davis left the holding area, and Eric insisted that he return to that area. However, Deputy Rabalais then ordered that the inmates be brought to the warmer patient waiting room. Davis was diagnosed with muscle inflammation and was prescribed pain medication. Upon returning to the prison, Eric filed a disciplinary report charging Davis with aggravated disobedience and defiance. Davis alleged that this report was false and was issued in retaliation for Davis's complaint about the holding area. On

2

November 30, 2012, Davis was brought before Defendant Lachney, Warden of the Avoyelles Bunkie Detention Center, for a disciplinary hearing. Davis claimed that at the hearing, he was denied the right to call Deputy Rabalais or his fellow inmate as witnesses. Following the hearing, Davis was found "guilty" and punished with placement in "extended lockdown."

Due to his continued complaints of neck and back pain, Davis was again taken to the hospital on December 4, 2012. The treating physician prescribed an extra mattress and pillow. According to Davis, when he returned to prison, Nurse Matilda denied him the prescribed mattress and pillow, telling him that "this was a jail and not [his] home." Shortly thereafter, Davis requested a grievance form, but his request was ignored. Nevertheless, he filed an Administrative Remedy Procedure ("ARP") request with the Avoyelles Parish Sheriff on December 9, 2012. Four days later, he was transferred to Orleans Parish Prison, allegedly in retaliation for having filed the ARP request. Davis alleged that he sent several letters inquiring about the status of the ARP request but never received a reply. According to Davis, officers ignored his ARP request to frustrate his ability to pursue his legal remedies.

Davis filed this lawsuit on March 13, 2014, alleging claims under 42 U.S.C. § 1983 and state law, and he filed an amended complaint on July 31, 2014. He named as defendants Captain Young and Warden Lachney of the Avoyelles Bunkie Detention Center; Marksville Police Department Officers Nicholas Bibbee and Tanya Scallan; Avoyelles Parish Sheriff Doug Anderson; Avoyelles Parish Sheriff's Office employees Wayne Austin, Deputy Eric, Nurse Matilda, and two unidentified transport van drivers; the alleged driver of the other vehicle involved in the collision; Progressive Insurance Company and Traveler's Indemnity Company. Davis asserted that the car accident in which he was injured was the result of gross negligence, that the defendants

conspired to cover up the facts of the accident, that he was denied medical care following the accident, that he was issued a false and retaliatory disciplinary report, that he was denied due process in connection with the disciplinary proceeding, that the defendants failed to respond to his grievances, and that he was wrongfully transferred in retaliation for filing a grievance. The district court denied his motion for the appointment of counsel. The magistrate judge recommended that the lawsuit be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The district court adopted the magistrate judge's recommendation.

## DISCUSSION

We review the dismissal de novo, accepting the facts alleged in the complaint as true and construing them in the light most favorable to Davis. *See Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010); *see also Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014). We will affirm the district court if Davis's factual allegations, taken as true, fail to plausibly establish each required element for each legal claim. *Coleman*, 745 F.3d at 763. To state a claim under § 1983, Davis must allege facts showing that he suffered the deprivation of a federal right and that the alleged deprivation was committed by a person acting under color of state law. *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010); *Phillips v. Vandygriff*, 711 F.2d 1217, 1221 (5th Cir. 1983).

First, Davis challenges the district court's dismissal of his claim that Nurse Matilda's refusal to give him an extra mattress and pillow rose to the level of a constitutional violation. Davis asserts that her conduct amounted to deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates

deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal quotation marks and citation omitted). "Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A prison official acts with deliberate indifference only if she knows that an inmate faces a substantial risk of serious harm and disregards that risk. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The alleged facts do not plausibly establish that Davis faced a substantial risk of serious harm due to the denial of an extra mattress and pillow, or that Nurse Matilda knew of and disregarded such a risk.

Next, Davis argues that the district court improperly dismissed his claim that Eric filed the disciplinary complaint against him in retaliation "for exercising [his] right not to be subjected to an excessive cold and damp holding cell." "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999). Even assuming Davis invoked a constitutional right, he did not allege facts plausibly establishing that Eric had a retaliatory motive. His personal belief that he was the victim of retaliation is not sufficient to support a retaliation claim. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Davis also challenges the district court's dismissal of his claim that he was denied due process guaranteed by the Fourteenth Amendment in the course of the disciplinary proceeding. "In a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." *Blackburn v. City*

*of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995). Davis alleged that as a result of his disciplinary conviction, he was assigned to extended lockdown. However, "segregated confinement is not grounds for a due process claim unless it imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkerson v. Goodwin*, 774 F.3d 845, 853 (5th Cir. 2014) (internal quotation marks and citations omitted); *see also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest."). Davis did not allege facts demonstrating that his experience in extended lockdown imposed the "atypical and significant hardship" necessary to implicate a constitutionally protected liberty interest. Davis therefore failed to adequately allege a due process violation.

Davis also challenges the district court's finding that his § 1983 claim of retaliatory transfer is time-barred. A district court may raise the defense of limitations sua sponte in an action under § 1915, and "[d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). We determine the applicable limitations period and tolling provisions by referring to the forum state's statute regarding personal injury claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). Louisiana provides for a one-year prescriptive period for tort actions. La. Civ. Code Art. 3492. Although the time during which a prisoner exhausts administrative remedies is not counted toward the prescriptive period, *see Harris*, 198 F.3d at 158, Davis did not pursue administrative remedies as to his claim of retaliatory transfer because he filed the ARP request before his transfer. Therefore, the period of limitations for his retaliatory transfer claim ended on December 13, 2013, one

year after his transfer and several months before he filed suit. Davis has not established that he was otherwise "legally unable to act," such that the prescriptive period should not be applied against him. *See Harris*, 198 F.3d at 158.

However, Davis is correct that the district court erred in dismissing his state-law tort claims as time-barred. Although Davis's state-law claims were subject to Louisiana's one-year prescriptive period, the filing of his ARP request suspended the running of the prescriptive period. *See* La. Rev. Stat. Ann. § 15:1172E (providing that the prescriptive period "shall be suspended upon the filing" of a grievance "and shall continue to be suspended until the final agency decision is delivered"). Under Louisiana law, "if prescription is suspended, the period of suspension is not counted toward the accrual of prescription but the time that has previously run is counted." *Adams v. Stalder*, 934 So. 2d 722, 725 (La. Ct. App. 2006). Davis alleged that he was injured in the accident on November 27, 2012, that his injuries were exacerbated by Nurse Matilda's conduct on or about December 5, 2012, that he filed an ARP request about these actions on December 9, 2012, and that his ARP request has never been processed, despite his repeated inquiries. Based on these assertions, which the district court was required to accept as true, only twelve days of the prescriptive period lapsed for the claims arising out of the car accident and only four days lapsed for any negligence claim against Nurse Matilda before prescription was suspended by the filing of the ARP request.[1] It is therefore not "clear from the face of the complaint that the claims

---

[1] Although, under Louisiana law, an inmate must exhaust his facility's ARP before filing a lawsuit, *see* La. Rev. Stat. Ann. § 15:1172C, Louisiana courts have found that the exhaustion requirement is met where prison officials fail to issue a timely decision, as Davis alleges occurred here. *See Harper v. La. Dep't of Pub. Safety & Corr.*, 166 So. 3d 1078, 1080–81 (La. Ct. App. 2015) (holding that when the Louisiana Department of Public Safety and Corrections ("DPSC") "has effectively precluded an inmate from proceeding to a review by the district court by failing to issue a timely final decision as directed by the ARP provisions, the

asserted are barred by the applicable statute of limitations." *Harris*, 198 F.3d at 156. The district court erred in concluding, at this stage of the proceedings, that Davis's state law claims are prescribed. However, we note that because all federal law claims have been dismissed, the district court may choose to dismiss the state law claims to allow them to be litigated in state court. *See* 28 U.S.C. § 1367(c)(3).[2]

Finally, Davis complains that the district court erred in denying his motion for the appointment of counsel. His argument is unavailing, as his case does not present exceptional circumstances that would warrant the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Davis's federal law claims. We REVERSE the dismissal of Davis's state law claims and REMAND for further proceedings.

---

administrative remedies will be considered to have been pursued by the inmate to the fullest extent possible under the circumstances, and the inmate will be allowed to seek a legal remedy in the district court or to have the matter remanded for consideration by the DPSC").

[2] We further note that the requirement of filing an ARP applies to claims against the state, the DPSC, and prison officials. *See* La. Rev. Stat. Ann. § 15:1172A. However, several of the defendants are private persons or entities. We leave to the district court, or to the state court, after our remand, the task of differentiating among the defendants for the purpose of determining prescription.